Plaintiff's motion for leave to amend
is GRANTED; the Clerk is directed
to file the amended complaint on the docket
as of the date of this Order.

ENTER: **December 31, 2013**

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON DIVISION

KELLY PIJUAN,                                    :
                                                 :        Civil Action File
                    *Plaintiff*,                 :
          v.                                     :        No. 2:13-cv-00779
                                                 :
JOHNSON & JOHNSON, ETHICON, INC.,                :        In Re: Ethicon, Inc., Pelvic
ETHICON LLC, and                                 :        Repair System Products Liability
John Doe Corporations 1-50,                      :        Litigation
                                                 :
                                                 :        MDL No. 2327
                    *Defendants*.                :

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, by and through her undersigned counsel, respectfully moves before this Court for leave to amend her Complaint, permitting the addition of Joseph Pijuan, Plaintiff's husband at the time of injury, as a plaintiff, as well as the addition of related claims arising from the same cause of action that initiated this litigation.  A copy of the Proposed First Amended Short Form Complaint is attached herewith (Ex. A).

After filing her Complaint, Plaintiff wishes to add her ex-husband, Joseph Pijuan, as a plaintiff to this matter and amend to add his related loss of consortium claim relating to her injuries suffered from the implantation of Defendants' transvaginal mesh product. The addition of Joseph Pijuan as a party and his related loss of consortium claim does not involve different subject matter or raise significant new factual issues.  Additionally, there are no new facts raised against Defendants in the attached proposed First Amended Short Form Complaint.

Under the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course within (a) 21 days after serving the pleading, or (b) if the pleading is

one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)-(2).

Furthermore, under Rule 15, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The federal policy of liberality in permitting amendments to pleadings, as embodied in [Federal Rule 15], is self-evident." Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir. 1967).

> [T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, see Foman v. Davis, 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted)."

Steinburg v. Chesterfield County Planning Com'n, 527 F.3d 377, 390 (4th Cir. 2008). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed. R. Civ. P.] 15(a)." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010) (citing Coral v. Gonse, 330 F.2d 997, 998 (4th Cir. 1964)). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004) (citing Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987)). Here, there is no improper motive, such as undue delay or bad faith. The presumption of allowing amendments is especially strong where the plaintiff "had not yet amended as of right and the defendant had not filed a responsive pleading." Galustian, 591 F.3d at 730 (holding that denial of motion to amend complaint

constituted an abuse of discretion).

This is Plaintiff's first amendment and no responsive pleadings have been filed. The proposed First Amended Short Form Complaint does not prejudice the Defendants as it arises from the same incident and common facts and law.  This matter is part of a consolidated litigation where the nature of the injuries routinely lead to the plaintiff's spouse being named as a party to the lawsuit as well as all related loss of consortium arising from the same injuries that the plaintiff suffered from.  Hence, Defendants are on notice of these claims.  Additionally, Defendants are not prejudiced with this amendment as they still have the opportunity to file its responsive pleading.

In light of the settled Supreme Court and Fourth Circuit precedent, liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiff Kelly Pijuan respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file an amended short form complaint, and accepting and filing the proposed First Amended Short Form Complaint accompanying this Motion.

Dated: 12/09/2013

RESPECTFULLY SUBMITTED

s/Pauline Toboulidis
Pauline Toboulidis
LOPEZ McHUGH, LLP
712 East Main Street, Suite 2A
Moorestown, NJ 08057
Tel: (856) 273-8500
Facsimile: (856) 273-8502
ptoboulidis@lopezmchugh.com
*Attorney for Plaintiff*
